CLEMENS v. CITY OF SAULT STE. MARIE.

1. AUTOMOBILES — MINORS — CONTRIBUTORY NEGLIGENCE — QUESTION FOR JURY.

Question of contributory negligence of boy eight years and three months of age who was struck by defendant city's automobile while following his homemade parachute into the street *held*, a question of fact for jury.

2. NEGLIGENCE—STANDARD OF CARE.

Only that judgment or caution naturally to be expected from persons of same age and capacity may be expected of any human being.

3. SAME—INCOMPETENCY AS AFFECTING STANDARD OF CARE.

The incompetency of children or other incompetent persons must be taken into account in determining degree of diligence to be required of them and no higher degree of diligence must be required of them than we have a right to expect or than experience has shown such persons generally would be likely to exercise under like circumstances.

4. SAME—CHILDREN.

The caution required of a child depends upon the maturity and capacity of the child, and this is to be determined in each case by the circumstances of that case.

5. SAME—CONTRIBUTORY NEGLIGENCE—CHILDREN.

When contributory negligence is sought to be attributed to a child, the child can only be held to that degree of care which may reasonably be expected from one of the same age, sex, intelligence, and judgment under the same conditions.

6. SAME—AGE—INTELLIGENCE.

The age of a child is not the true test for determining the care required of a child but it is his intelligence that must control.

7. SAME—DUE CARE.

Everyone is bound to use that degree of care which a reasonably prudent person of like age, intelligence, and experience should ordinarily use under like circumstances.

8. AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—MINORS—CITY STREETS —HOMEMADE PARACHUTES.

A boy eight years and three months old who followed his homemade parachute out into city street after having seen defendant's car a block away was bound to use the care of a prudent boy of his age and experience to avoid being struck by it.

Appeal from Chippewa; Runnels (Herbert W.), J. Submitted April 18, 1939. (Docket No. 49, Calendar No. 40,424.) Decided June 6, 1939.

Case by Irene Clemens, guardian of Gene Clemens, a minor, against City of Sault Ste. Marie, a municipal corporation, and Richard James Hughes for personal injuries sustained by her ward when he was struck by defendant city's automobile. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*James A. Henderson,* for plaintiff.

*Warner & Sullivan,* for defendants.

POTTER, J. Suit by guardian, as plaintiff, to recover damages from defendants for her ward's injuries. At the trial, a motion was made by defendants for directed verdict, which was reserved under the Empson act (3 Comp. Laws 1929, § 14531 *et seq.* [Stat. Ann. § 27.1461 *et seq.*]), the case submitted to the jury resulting in a verdict for plaintiff against both defendants in the sum of $1,800. Motion of defendants for directed verdict was denied and they appeal.

Plaintiff's ward at the time of his injury was eight years and three months old, in the second grade in

school. He was tossing in the air a homemade parachute consisting of a rock tied in a corner of a handkerchief which was rolled up when thrown and as it unfolded opened like a parachute. The wind caught this improvised parachute and carried it into the middle of Spruce street. The boy saw defendant city's automobile about a block distant coming toward him but thinking he had time to retrieve his parachute followed it into the street. He had gone 15 or 18 feet when he was struck by the left front fender of defendant city's car and thrown backward. The car was going from 45 to 50 miles an hour. The driver reported 30 miles an hour. The legal rate of speed was 25 miles an hour.

The sole question presented is, should the trial court have directed a verdict for defendants on the ground plaintiff was guilty of contributory negligence as a matter of law?

The general subject of the degree of care to be expected of children is exhaustively discussed in 1 Thompson on Negligence (2d Ed.), chap. 11, art. 2, §§ 306–318, and in 5 Thompson on Negligence (2d Ed.), chap. 151, art. 8, §§ 6309–6313.

We think the rule sustained by the weight of authority is that the question of contributory negligence of a boy of the age of plaintiff under the circumstances of this case was a question of fact for the jury.

It is unlawful to expect or demand of any human being judgment or caution not naturally to be expected from persons of his age and capacity. *Hargreaves* v. *Deacon,* 25 Mich. 1. In deciding upon the degree of diligence to be required of children, or other persons more or less incompetent, that incompetency must be taken into account; and no higher degree of diligence must be required of such persons than we have a right to expect, or than experience

has shown such persons generally would be likely to exercise under like circumstances. *Daniels* v. *Clegg,* 28 Mich. 32. Of a child 3 years of age less caution would be required than of one 7, and of a child of 7 less than of one 12 or 15. The caution required is according to the maturity and capacity of the child, and this is to be determined in each case by the circumstances of that case. *Washington & G. Railroad Co.* v. *Gladmon,* 15 Wall. (82 U. S.) 401. In *Ecliff* v. *Railway Co.,* 64 Mich. 196, it was held that the fact that a boy 12 years old, of ordinary intelligence for his age, is more venturesome and, therefore, not as cautious as a man in the face of danger, cannot in itself excuse him from contributory negligence. A child is only held to such degree of care as would reasonably be expected of a child of his sex, age, and intelligence under all the circumstances surrounding him at the time. *Cooper* v. *Railway Co.,* 66 Mich. 261 (11 Am. St. Rep. 482). When contributory negligence is sought to be attributed to a child, the child can only be held to that degree of care which may reasonably be expected from one under the same conditions, of the same age, sex, intelligence, and judgment. *Baker* v. *Railroad Co.,* 68 Mich. 90. But age is not the true test in such cases. It is the intelligence of the boy, not his age, that must control. *Trudell* v. *Railway Co.,* 126 Mich. 73 (53 L. R. A. 271). The general rule imputes lack of capacity up to the age of 7 years, and some courts have applied it as a *prima facie* presumption until the age of 14 is reached, putting the burden of proof on those claiming contributory negligence. *Thornton* v. *Ionia Free Fair Ass'n,* 229 Mich. 1. Everyone is bound to use that degree of care which a reasonably prudent person of like age, intelligence, and experience should ordinarily use under like circumstances. Whether the plaintiff failed to use the care of one of his age

and experience was, we think, for the jury. He was bound to use the care of a prudent boy of his age and experience. *Tyler* v. *Weed,* 285 Mich. 460.

The trial court charged:

"The duty is upon the plaintiff, before he can recover, to satisfy you by a preponderance of the evidence that Gene was not guilty of contributory negligence in this case. You have heard all of the facts, you have seen the boy on the stand. He was eight years old at the time. I will say to you that a boy eight years old may be guilty of contributory negligence even though of tender years, and it is up to you to size him up on the stand, take into consideration his previous training, his mentality from what you can see of it, and see what you may be able to determine, but I would say to you that the care and caution required of a child must be measured by the age and capacity, and that he was not required to exercise the same care that the court requires of an adult. In other words, it does not require the same rule of the same capacity in children as it would in an adult, as far as this negligence is concerned. * * * It is for you to determine from what you have heard of the facts as to whether this boy was, on that day, guilty of contributory negligence."

No complaint is made as to the charge of the court. He fully and fairly submitted the question to the jury upon all the facts to determine whether defendants were negligent and whether plaintiff's ward was free from contributory negligence. We think the court did not err in so submitting the question of his contributory negligence to the jury, and, it having found adversely to defendants, the judgment of the trial court is affirmed, with costs.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.