CHADWICK *v.* KEMPF.

1. NEGLIGENCE—CROSSING STREETS—CHILDREN—STANDARD OF CARE.

In crossing a street a nine-year-old child is held to the degree of care which may reasonably be expected from one under the same conditions, of the same age, sex, intelligence, and judgment.

2. AUTOMOBILES—PEDESTRIANS—CHILDREN—CONTRIBUTORY NEGLIGENCE.

Finding of trial court that plaintiff, a nine-year-old girl, who, as she was about to cross a street near an intersection in a

Definition of contributory negligence and its relationship to negligence, see 2 Restatement, Torts, § 463.

Standard of conduct required of a child on issue of contributory negligence, see 2 Restatement, Torts, § 464 (2).

Functions of court on issue of contributory negligence and questions of fact and law, see 2 Restatement, Torts, §§ 476, 285, comments (d) and (e).

On right to assume that others will obey rules of conduct prescribed by law, absent reason to know that rule is habitually violated or that a particular person is about to violate it, see 2 Restatement, Torts, § 290 and comment n.

residential district at about 6 o'clock in the afternoon in the middle of November looked both ways before doing so and saw one car over a block away, was not guilty of contributory negligence as a matter of law when struck by defendant's car as she was about to reach curb while running to opposite side of street *held,* supported by record.

BOYLES, WIEST, and BUTZEL, JJ., dissenting.

Appeal from Saginaw; Martin (William H.), J. Submitted October 22, 1941. (Docket No. 48, Calendar No. 41,614.) Decided February 11, 1942.

Case by Mary Jane Chadwick, by Herman Chadwick as next friend, against William Kempf for injuries received when struck by defendant's car. Judgment for plaintiff. Defendant appeals. Affirmed.

*William L. Hellerman* and *Anthony Bielawski,* for plaintiff.

*Frank A. Rockwith* and *David E. McLaughlin,* for defendant.

BUSHNELL, J. This is an appeal from a judgment entered in a negligence case upon the finding of the trial judge, sitting without a jury. The action was brought by Herman Chadwick as next friend of Mary Jane Chadwick, who was nine years of age at the time she was injured.

About 6:00 p.m. on November 17, 1938, Mary was struck by the right headlight of a car driven by defendant William Kempf. The accident occurred at the corner of Mackinaw and Andre streets in the residential section of the city of Saginaw, just as she had about reached the curb after crossing Mackinaw street.

Mary is a bright, intelligent child, well developed and mentally alert. She testified, according to the trial judge, "clearly and without equivocation." She

said that, before crossing Mackinaw street, she looked both ways and saw only one car, which was more than a city block away, and thought she had time to cross. She ran across the street and did not look again for this car or any others.

Defendant testified that he did not see Mary before the accident. Skid marks extending for 106 feet on the pavement, observed by a police officer who arrived at the scene not over three or four minutes after the accident, indicated that defendant's car had carried or dragged Mary 96 feet, and that the car had been moving at a speed of 35 or 40 miles per hour.

The trial judge found that Mary was not guilty of negligence as a matter of law and that her injuries were caused by the negligence of defendant.

The sole question presented on appeal is whether this nine-year-old child, under the circumstances in this case, was guilty of contributory negligence as a matter of law. Whether Mary was guilty of negligence as a matter of law depends, as was said in *Clemens* v. *City of Sault Ste. Marie,* 289 Mich. 254, upon the "degree of care which may reasonably be expected from one under the same conditions, of the same age, sex, intelligence and judgment." See, also, *Dedo* v. *Skinner,* 296 Mich. 299. Had Mary crossed the street without making any observations whatever, she probably would have been guilty of negligence. However, she observed defendant's car more than a block away, and then exercised her judgment. She had a right to assume that defendant would operate his car at a lawful rate of speed, *i.e.,* not over 20 miles per hour in a residential district, and, therefore, that she could cross the street with safety. *Zylstra* v. *Graham,* 244 Mich. 319, and *Oakes* v. *Van Zomeren,* 255 Mich. 372. See, also, *Grant* v. *Richardson,* 276 Mich. 151. "The rule is that unless

the record in a case of this character is such that men of reasonable minds would not differ, a question of fact is presented." *Swift* v. *Kenbeek,* 289 Mich. 391. An examination of this record requires agreement with the conclusion of the trial judge, that this child was not guilty of contributory negligence as a matter of law.

The judgment entered upon the amended opinion of the trial judge is affirmed, with costs to appellee.

CHANDLER, C. J., and NORTH, STARR, and SHARPE, JJ., concurred with BUSHNELL, J.

WIEST, J. (*dissenting*). The court should have directed a verdict in favor of defendant at the close of plaintiff's proofs on the ground of the contributory negligence of plaintiff.

Plaintiff, under her own testimony, was guilty of contributory negligence as a matter of law under the holding of this court in *Apps* v. *Walters,* 216 Mich. 17. In that case we said:

"Plaintiff was 9 years old when the accident occurred, had been attending school some 4 years, was a bright, intelligent lad raised in the city and familiar with street conditions, possessed of sufficient experience and intelligence to understand and appreciate the danger of attempting to run across the street in front of an approaching automobile."

In the case at bar plaintiff was a bright girl, nine years old, had received instruction in school about care in crossing streets, and she testified that she stopped at the street curb, observed defendant's car approaching and concluded she could cross the street ahead of the car if she hurried and was running across without making further observation of the approaching car when the car struck her.

Her estimate of time within which to cross by running ahead of the approaching car did not relieve her from making further observation before proceeding in its path.

The judgment should be reversed, without a new trial, and with costs to defendant.

BOYLES and BUTZEL, JJ., concurred with WIEST, J.