CONRAD *v.* KRAUSE.

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.

In determining whether or not defendant's motion for a directed verdict was properly granted, the testimony must be construed as strongly as possible in minor plaintiff's favor.

2. NEGLIGENCE—MINORS.

A young child may not be held to the same measure of care for his or her safety that an adult may be expected to exercise.

3. SAME—MINORS.

While a child is responsible for the exercise of such care and vigilance as may reasonably be expected of one of his age and capacity, the want of that degree of care is negligence, and the fact that he may not have as mature judgment

REFERENCES FOR POINTS IN HEADNOTES

[1]  3 Am Jur, Appeal and Error, § 944 *et seq.*

[2–7]  5 Am Jur, Automobiles, §  470; 38 Am Jur, Negligence, § 204 *et seq.*

[2–7]  Duty and liability to persons struck by automobile while crossing street at unusual place, or diagonally.  14 ALR 1176, 1191; 67 ALR 329.

[2–7]  Contributory negligence of children.  107 ALR 4; 174 ALR 1080.

[5, 6]  5 Am Jur, Automobiles, §§ 606, 658; 38 Am Jur, Negligence, §§ 286–288, 293, 335, 336.

[5, 6]  Attractive nuisances.  53 ALR 1351.

[5, 6]  Direct evidence as to what took place at time of accident as displacing presumption arising from instinct of self-preservation that one was acting with concern for own safety.  116 ALR 340.

[5, 6]  Presumption as to due care at time of accident, by one who survived injury but, because of loss of memory or other mental or physical condition, is, or is claimed to be, incapable of testifying intelligently as to the accident.  141 ALR 872.

[7]  5 Am Jur, Austomobiles, § 711; 38 Am Jur, Negligence, §§ 288, 344 *et seq.*, 349, 357.

[7]  Burden of proof as to doctrine of last clear chance.  159 ALR 724.

as an adult will not excuse him from exercising the judgment and discretion which he possesses, or from heedlessly rushing into known dangers, especially where the dangers are known and understood by him.

4. Automobiles—Minors—Crossing Highway—Contributory Negligence.

Plaintiff, a girl 8 years and 9 months of age at time of accident, in crossing highway after alighting from car on way home from school, had the duty of exercising for her own safety the measure or degree of care that the ordinary child of her age, experience, judgment, physical and mental development, may reasonably be expected to exercise under similar circumstances.

5. Same—Contributory Negligence—Minors—Burden of Proof— Presumptions.

In action by girl, 8 years and 9 months of age at time of accident, for injuries sustained when defendant's truck struck her as she started across highway from behind car in which she had been riding, where it appears that defendant and his daughter, a passenger in his truck, were available as witnesses and that at least defendant had observed the situation, the burden of showing plaintiff's freedom from contributory negligence rested on her and, under the circumstances, she could not rely on a presumption that she exercised due care for her own safety merely because she could not remember (CL 1948, § 617.66).

6. Same—Minors—Contributory Negligence—Burden of Proof— Evidence.

Plaintiff, a girl 8 years and 9 months of age at time of accident, who knew elementary traffic dangers, is not shown to have sustained her burden of showing freedom from contributory negligence in crossing highway at rear of eastbound car in which she had ridden home from school and was struck by westbound truck which was passing somewhat to the left of center of the pavement, where it does not affirmatively appear that she looked to the right before passing beyond the rear of the car from which she had alighted, nor whether she was walking, running, standing still, or undertaking to retrace her steps at the time of the accident.

7. Same—Willful and Wanton Misconduct—Subsequent Negligence—Last Clear Chance Doctrine—Evidence.

In minor's action against truck driver for injuries sustained when plaintiff was struck by left front portion of west-

bound truck as she started across highway from rear of eastbound car in which she had ridden home from school, evidence was insufficient to support submission of questions of willful and wanton misconduct or subsequent negligence on part of defendant or to apply the doctrine of last clear chance.

Appeal from Berrien; Spier (James E.), J., presiding. Submitted April 12, 1949. (Docket No. 56, Calendar No. 44,371.) Decided June 6, 1949.

Case by Arlene Conrad, by her next friend, against August Krause for personal injuries sustained when she was struck by his truck. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Thomas N. Robinson* and *Bucknell, Birkhold & Fayling,* for plaintiff.

*Harvey & Fisher,* for defendant.

CARR, J. Plaintiff brought suit in circuit court to recover damages for injuries sustained by her as a result of being struck by a truck owned and operated by defendant. The accident occurred on the 8th of September, 1943, about 4 o'clock in the afternoon, on a public highway in Benton township, Berrien county. The highway in question runs in a general easterly and westerly direction and was at the time of the accident paved to a width of approximately 18 feet. Plaintiff, who was at the time 8 years and 9 months of age, lived with her parents on the north side of the road. On the date in question she rode home from school with her older sister and her brother in an automobile of a neighbor, referred to in the record as the Valachek car. The driver of said car, a young lad about 14 years of age, stopped on the south side of the pavement with the right wheels

of the vehicle on the shoulder, which was at that point approximately 1' 6" in width. After some conversation in the car plaintiff and her sister got out, the latter standing at the south side of the vehicle, which was headed east, while plaintiff went around the rear of the car. The sister followed after a brief interval, and, when she reached a point where her vision was not obscured, saw the body of plaintiff sliding across the pavement in a southwesterly direction, and the truck of the defendant, which had been going toward the west, proceeding to the north side of the highway where it stopped.

None of the witnesses who testified in the case in plaintiff's behalf saw the accident. Plaintiff was herself a witness, but had no memory as to what occurred at the time. Testimony was introduced tending to show that defendant's truck, as indicated by the tracks on the pavement, crossed the center line of the highway in proximity to the Valachek car, to a distance of approximately 2 feet, and then swung back to the right side of the road. The condition of the truck after the accident indicated that plaintiff was struck by the left side of the front. There was also testimony that defendant made statements indicating that he may have been driving too rapidly and that he might have avoided the accident by going into the ditch. Following the introduction of plaintiff's proofs defendant moved for a directed verdict in his favor, assigning as reasons therefor that plaintiff had failed to show negligence on the part of defendant and had also failed to establish freedom from contributory negligence on her part. The motion was granted on the latter ground, the trial judge indicating in his statement to the jury that plaintiff had not sustained the burden resting on her to show freedom from contributory negligence. From the judgment entered on the directed verdict, plaintiff has appealed.

In determining whether defendant's motion was properly granted the testimony must be construed as strongly as possible in plaintiff's favor. However, as the trial court indicated, the principal question at issue arises from the lack of proof rather than from the interpretation of the testimony of the witnesses and the inferences to be drawn from such testimony and from the physical facts. There is no showing as to plaintiff's actions after she left the south side of the Valachek car. Obviously she was not at that time in a place of danger, nor was she in position to make careful observations with reference to traffic on the highway. Whether she looked to the right before passing beyond the protection of the Valachek car does not appear. There is no testimony from which to determine whether she sought to cross the pavement at right angles to it or obliquely. Neither is there any basis for determining whether plaintiff was walking, running, or standing still, at the time of the accident, or whether she was at the time undertaking to retrace her steps to the south side of the pavement.

Emphasis is placed by counsel for plaintiff on the matter of her age at the time of the accident. It has been repeatedly recognized by this Court that a young child may not be held to the same measure of care for his or her safety that an adult may be expected to exercise. In *Mollica* v. *Railroad Co.,* 170 Mich 96 (LRA1917F 118), it was said:

"In the case of a child of the age of deceased (9 years 6 months), the law is well settled in this State that he is responsible for the exercise of such care and vigilance as may reasonably be expected of one of his age and capacity; and the want of that degree of care is negligence. The fact that he may not have as mature judgment as an adult will not excuse him from exercising the judgment and discretion which he possesses, or from heedlessly rushing into known

dangers. Where the dangers are known and understood by him, the rule of contributory negligence is fully applicable."

Among other cases of like import are *Brinker* v. *Tobin*, 278 Mich 42; *Clemens* v. *City of Sault Ste. Marie*, 289 Mich 254; *Ackerman* v. *Advance Petroleum Transport, Inc.*, 304 Mich 96.

The testimony indicates that plaintiff was at the time of the accident a normal child in all respects. She was in the third grade at school. Her father testified that he had warned his children, including plaintiff, with reference to the hazards of traffic on the highway and what was required of children in crossing. Plaintiff stated that she knew that she should not run in front of an approaching automobile, and that she should not cross a road without making sure that she could do so in safety. She further indicated that she had lived on the highway in question for some time before the accident and was familiar with the traffic thereon. The obligation rested on her of exercising for her own safety the measure or degree of care that the ordinary child of her age, experience, judgment, physical and mental development, may reasonably be expected to exercise under similar circumstances.

Counsel for plaintiff contend that in the absence of proof relating to the matter it must be presumed that she was in the exercise of due care for her own safety at the time of the accident. In cases involving the right to recover damages for wrongful death the presumption of due care on the part of the decedent obtains in the absence of witnesses of the material facts involved, unless the physical facts are of such character as to justify an inference of want of proper care. In *Breker* v. *Rosema*, 301 Mich 685 (141 ALR 867), it was held that a like presumption should apply for the benefit of a person surviving,

but suffering from amnesia, as shown by competent medical testimony, resulting from a brain injury sustained in the accident. In the instant case, however, it is not claimed, and the record does not show, that plaintiff's inability on the trial to recall what her actions were at the time of the accident was due to any injury sustained therein. In plaintiff's brief it is suggested that such failure to remember was "due to infancy and 3 years passage of time or some other factors."

It further appears that there were eyewitnesses of the accident in which plaintiff was injured who were not called as witnesses. Defendant's daughter was riding with him in his truck at the time of the occurrence, and she and defendant were both in court at the time of the trial. There is nothing to indicate that the daughter was not available as a witness, and it was of course plaintiff's privilege to call defendant for cross-examination. CL 1948, § 617.66 (Stat Ann § 27.915); *Buchel* v. *Williams,* 273 Mich 132. The testimony as to statements claimed to have been made by defendant following the accident indicates that he actually observed the situation. It is a fair inference that his daughter did likewise. Under the circumstances plaintiff could not rely on a presumption that she exercised due care for her own safety. The burden rested on her to establish by competent proof that she did so.

In *Foote* v. *Huelster,* 272 Mich 194, an action to recover damages for wrongfully causing the death of plaintiff's decedent, it was held that the plaintiff could not rely on the presumption that the decedent exercised due care for his own safety, for the reason that one of the defendants and a friend who was riding with him were eyewitnesses. A similar conclusion was reached in *Frye* v. *Brinker,* 272 Mich 339, in which case defendants, who were eyewitnesses, were called by plaintiff for cross-examination. *Foote* v.

*Huelster, supra,* was cited and followed in *Collar* v. *Maycroft,* 274 Mich 376. It was there held that since the defendant was an eyewitness of the accident, was present at the trial of the cause, and available to plaintiff as a witness, no presumption existed that decedent exercised due care for his own safety. In reversing the judgment of the lower court, and ordering the entry of judgment in favor of defendants, it was said in part:

"If, as must be done in the instant case, it is held that a presumption of the exercise of reasonable care on the part of the driver of the Dodge automobile does not exist because there was an eyewitness to the accident, then the record does not contain any testimony from which it can be determined, except by pure speculation, whether this unfortunate accident was caused by the negligence of the driver of the Dodge car, the negligence of the driver of the Essex car or the combined negligence of the two drivers. The cause may have been, as appellee contends, the negligence of defendant Maycroft, in failing to properly observe the automobile which he knew was approaching the intersection from the east. On the other hand the sole proximate cause of the accident may have been the failure of the driver of the Dodge car to yield the right of way to the other automobile, as the two simultaneously approached the intersection. CL 1929, § 4712.* Or the collision may have resulted from the combined negligence of the two drivers. In other words, the testimony in this case does not disclose what in truth was the proximate cause of the collision. If the sole proximate cause was the negligence of the driver of the Dodge car, plaintiff is not entitled to recover. On such a record it cannot be held that the finding and judgment of the trial court is sustained by the testimony."

---

* CL 1948, § 256.320 (Stat Ann § 9.1580).—REPORTER.

Of like import are *Buchel* v. *Williams, supra; Peck* v. *Hampel,* 293 Mich 252; *Black* v. *Ambs,* 307 Mich 644.

The language above quoted from the opinion of the Court in *Collar* v. *Maycroft* may well be applied to the situation existing in the case at bar. Here, as there, plaintiff may not rely on the presumption of due care. Likewise, in the absence of testimony as to plaintiff's actions at the time of the accident it cannot be determined, except on the basis of speculation and conjecture, whether she exercised proper care for her own safety. The burden of establishing the elements of her cause of action, including freedom from contributory negligence, rested on the plaintiff. On the record before us it must be held that she failed to sustain that burden.

The claim is also made that there was evidence in the case indicating willful and wanton misconduct on the part of the defendant. Such claim is predicated on the testimony that defendant stated after the accident that he might have avoided striking plaintiff by going into the ditch. It does not appear from such testimony, however, that defendant admitted that he knew at the time that he could not avoid striking plaintiff except by following that course. Neither was there proof of any admission on his part that he did not, after discovering plaintiff, exercise care to avoid injuring her. There was no evidence requiring the submission of the question of willful and wanton misconduct to the jury. *Ackerman* v. *Advance Petroleum Transport, Inc., supra.* A like conclusion follows with reference to possible liability on the ground of subsequent negligence and the application of the last clear chance doctrine.

The judgment of the circuit court is affirmed, with costs to defendant.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, DETHMERS, and BUTZEL, JJ., concurred.