GENESEE MERCHANTS BANK & TRUST COMPANY
*v.*
NATIONAL AUTO LEASING CORPORATION

1. MOTIONS—DIRECTED VERDICT.
   On the defendant's motion for a directed verdict the facts must be viewed most favorably for the plaintiff and all inconsistencies and factual questions are resolved against the moving party.

2. AUTOMOBILES—NEGLIGENCE—DUTY.
   Claim that a northbound motorist had a duty to stop far enough from an accident so that a child crossing a street would not rebound into his car after the child had been struck by a southbound automobile was without merit because such a duty is unreasonable and goes far beyond the legal requirement that men act prudently.

3. AUTOMOBILES—NEGLIGENCE—HORN.
   Failure of defendant motorist to use his horn did not raise a question of fact for a jury where plaintiff was fully aware of the existence and exact location of defendant's car (MCLA § 257.706).

4. AUTOMOBILES—NEGLIGENCE—DIRECTED VERDICT.
   A directed verdict in favor of a defendant motorist was improper where a jury might have found: (1) that the motorist saw a child running across a street at such an angle as to be looking away from defendant's position, (2) that the motorist did not sound his horn and that his failure to do so constituted a negligent failure to give warning, and (3) that his stopping distance was unreasonable (MCLA § 257.706).

---

REFERENCES FOR POINTS IN HEADNOTES
[1-4] 53 Am Jur, Trial § 332 *et seq.*
[2] 7 Am Jur 2d, Automobiles and Highway Traffic § 429.
[3] 7 Am Jur 2d, Automobiles and Highway Traffic § 441.
[5] 38 Am Jur, Negligence § 174 *et seq.*

5. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—INFANTS.

> The general rule concerning the contributory negligence of a minor is that up to the age of seven years, the law imputes a lack of capacity, and that after seven years of age it is the intelligence of the child, not its age, that must control, and the jury must consider the age, intelligence, and experience of the child and determine whether he conducted himself as a child with like characteristics would reasonably have been expected to under like circumstances.

Appeal from Genesee, Elza H. Papp, J. Submitted Division 2 June 2, 1970, at Lansing. (Docket Nos. 6,763, 6,764.)   Decided June 22, 1970.

Separate complaints by Genesee Merchants Bank & Trust Company, guardian of the estate of Kenneth McCarty, a minor, and Rudolph McCarty against the National Auto Leasing Corporation, Reinhardt Radke, Martin S. Lewellyn and George Fechik, for automobile negligence. Directed verdict for defendants. Plaintiffs appeal. Affirmed as to defendant Fechik. Reversed and remanded as to defendant Lewellyn.

*Leitson, Dean, Dean, Segar & Hart,* for plaintiffs.

*Gault, Davison & Bowers,* for George Fechik.

*Davidson, Gotshall, Halsey, Kohl, Nelson, Secrest & Wardle,* for defendants except Fechik.

Before: LESINSKI, C. J., and QUINN and ROOD,* JJ.

LESINSKI, C. J. The instant suit was brought to recover for injuries suffered by Kenneth McCarty, a minor, in a pedestrian-automobile accident. At

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the close of plaintiff's proofs below, the defendants moved for and were granted a directed verdict. Plaintiff moved to have the directed verdict set aside and appeals following the denial of that motion.

In reviewing the record we follow the well-settled rule that on a defendant's motion for a directed verdict the facts must be viewed most favorably for the plaintiff. All inconsistencies and factual questions are resolved against the moving party. *Birkhill* v. *Todd* (1969), 20 Mich App 356; *Pollock* v. *Farmers Mutual Fire Insurance Company* (1957), 349 Mich 12.

The scene of the accident was Alfred Street, just north of the Flint city limits. The street is a north-south, two lane, paved road with no sidewalks on either side. The shoulders of the road are approximately 6 feet wide on both sides and the paved portion is 20 feet wide. There were no parked cars or other visual obstructions on either side of the street. The area is residential and the speed limit is 25 miles per hour. The record does not indicate that any unusual weather or lighting conditions existed at the time of the accident, which occurred in the late afternoon.

At trial three witnesses were produced to testify regarding the facts relevant to the accident. Defendant George Fechik testified that he was driving north on Alfred Street and observed Kenneth skipping southbound on the east shoulder of the road. Fechik stated that he felt the boy "might do something not right" and slowed down to about 10 to 15 miles per hour, until he was about 50 feet south of where Kenneth was on the shoulder.

At the same time defendant Marion Lewellyn, who also testified at trial, was driving southbound on Alfred Street at approximately 20 to 25 miles

per hour. Lewellyn testified that he had seen the boy as he approached the scene and that he saw Kenneth start running across the street.

At the point where Fechik was about 50 feet south and Lewellyn about 50 feet north of the boy, Kenneth suddenly darted in a southwestern direction across the roadway. The testimony establishes that Kenneth had been watching Fechik's car and ran into the street without taking his eyes off the car. He did not look to see if there was traffic in the southbound lane.

Fechik immediately came to a complete stop and did not hit the boy. Kenneth, thus, safely crossed the northbound lane, but as he continued into the southbound lane he struck the left front of Lewellyn's car. Defendant Fechik denies that Kenneth hit his car on the rebound and the record is devoid of evidence tending to rebut the denial.

Kenneth McCarty's father testified that his son, who was seven years and seven months old at the time of the accident, had attended school for about two and one half years and had taken the same route home from school every day. He also stated that he cautioned the boy every day to stop and look before crossing the street and that his son was to cross only at cross-walks and not in the middle of the block.

The trial court held that Kenneth McCarty was contributorily negligent as a matter of law.

The sole issue raised on appeal is whether sufficient factual questions were presented below to require submission of the case to a jury for determination.

Where both negligence and contributory negligence are alleged, the nature of the inquiry is necessarily twofold. As noted in *Rockwell* v. *Grand T. W. R. Co.* (1931), 253 Mich 144, 151, "contribu-

tory negligence necessarily implies negligence on the part of the defendant". See, also, *Warwick* v. *Blackney* (1935), 272 Mich 231. Thus, if the facts would not support a finding of negligence, any discussion of possible contributory negligence is irrelevant. Moreover, where, as here, the injured party is a minor and where his age, intelligence and experience may preclude a finding of contributory negligence, it must be kept in mind that the possible nonexistence of contributory negligence on the part of the plaintiff in no way implies the existence of negligence on the part of defendant.

Plaintiff argues on appeal that a jury question was presented regarding defendant Fechik's alleged negligence. First, it is argued that although Fechik had come to a stop in time to avoid hitting Kenneth as he ran by, the jury may have found that the boy hit Fechik's car on the rebound, which in turn plaintiff argues "clearly presents a factual question of whether Fechik was negligent by not stopping or swerving quick enough to prevent his car from being in a position where the boy would rebound into it". Second, it is argued that Fechik was negligent in not sounding his horn in light of MCLA § 257.706 (Stat Ann 1968 Rev § 9.2406), which requires a driver to sound his horn "when reasonably necessary to insure safe operation" of his motor vehicle.

Neither argument is meritorious. Regarding the first point, there is no evidence in the record supporting the position that Kenneth hit Fechik's car on the rebound. Moreover, even, assuming *arguendo* that there was contact, it raises no question for the jury. Plaintiff's argument assumes that Fechik had the duty not only to try and stop his car so as to avoid hitting Kenneth, but that Fechik was also required to stop in a specific location, far

enough from the accident so that Kenneth would not hit the car on the rebound. To do so Fechik would have had to predict the direction and distance of a possible rebound. Such a duty is unreasonable and goes far beyond the legal requirement that men act prudently.

Fechik's failure to use his horn also raises no question of fact for a jury. Kenneth was fully aware of the existence and exact location of Fechik's car.

Defendant Fechik's actions were entirely reasonable, if not commendable. The direction of the verdict in his favor was eminently correct and is, therefore, affirmed.

Viewing the facts most favorably to plaintiff, we come to the opposite conclusion with respect to defendant Lewellyn. The jury may have found that Lewellyn saw Kenneth start running across the street at such an angle as to be looking away from defendant's position. He observed the boy when they were still 50 feet apart. Although Lewellyn testified that he sounded his horn, the jury might have found that he did not and that his failure to do so constituted a negligent failure to give warning. As the Court noted in *Ackerman* v. *Advance Petroleum Transport, Inc.* (1942), 304 Mich 96, 104:

"It is plain that the driver swerved his truck to the left because he recognized the imminent danger of an accident. However, he neglected to sound his horn to attract the boy's attention and to warn him of the danger. The driver testified, 'I claim I reached for the horn, I don't remember if I reached it or not as I turned to the left.' This statement shows that he realized the danger but failed to give warning."

Moreover, the testimony could support a finding that Lewellyn traveled 35 feet after hitting Ken-

neth, thus making a total of 85 feet from the point Lewellyn first saw Kenneth start running until he finally stopped his car. A jury may have concluded that this was an unreasonable distance.

As in *Ackerman, supra,* at 105:

"Having concluded that there was a question of fact for jury determination as to the negligence of defendant driver, the next question is whether or not plaintiff's decedent was guilty of contributory negligence as a matter of law."

That question is extremely close in the instant case.

A number of Michigan cases have been addressed to the problem of the contributory negligence of a minor. The general rule as reiterated in *Ackerman, supra,* at p 107, is that up to the age of seven years old, the law imputes the lack of capacity. After seven years of age, "It is the intelligence of the boy, not his age, that must control." See, also, *Clemens* v. *City of Sault Ste. Marie* (1939), 289 Mich 254, 257.

The Court in *Ackerman* held plaintiff's decedent to be guilty of contributory negligence as a matter of law. While there are several factual similarities between *Ackerman* and the instant case, one major distinction exists which causes us to believe a jury question was presented.

In *Ackerman* plaintiff's decedent entered the street without observing traffic conditions. Here, however, Kenneth had been watching the Fechik car as it approached. He did not start to cross the street until Fechik slowed down. Under the circumstances reasonable minds might conclude that a person of the age, intelligence and experience of Kenneth might have interpreted Fechik's slowing down as an invitation to cross without further investigation and that such a person might attempt

to cross without being guilty of contributory negligence.

That Kenneth may have so interpreted Fechik's slowing down and that Kenneth's actions may have been reasonable in light of his age, intelligence and experience, in no way implies that Fechik was negligent in slowing down. Rather, it means only that Kenneth made an erroneous judgment permitted by the standard of reasonableness which the law applies to minors.

We therefore remand for a new trial as to defendant Lewellyn. The jury will be instructed on remand that it shall consider Kenneth's age, intelligence, and experience and determine whether he conducted himself as a child with like characteristics would reasonably have been expected to under like circumstances. *Burhans* v. *Witbeck* (1965), 375 Mich 253, 256.

Remanded for actions not inconsistent with this opinion. We do not retain jurisdiction. Costs to defendant Fechik. Costs to plaintiffs from the remaining defendants.

All concurred.