FARM BUREAU INSURANCE GROUP v PHILLIPS

Docket No. 55949. Submitted January 7, 1982, at Lansing.—Decided May 21, 1982.

Brian Phillips, an eight-year-old child, took some matches from his parents' home and, intending to cook some food, went behind his neighbors' barn to light a fire. Phillips and a friend lit a fire and subsequently attempted to put the fire out by dousing it with water, covering it with dirt and stomping on it. The next morning the neighbors discovered that their barn was on fire. The neighbors submitted a claim for the damage to the barn to their insurance company, Farm Bureau Insurance Group. Farm Bureau brought suit in Charlevoix District Court against Brian Phillips. Following a verdict of no cause of action for the defendant, the plaintiff appealed to the Charlevoix Circuit Court. The circuit court, Martin B. Breighner, J., affirmed the judgment for the defendant. The plaintiff appeals by leave granted. *Held:*

The trial court was correct in holding that the degree of care to be exercised by a minor engaged in the type of activity at issue is that care which a reasonably careful person of the same age, capacity, and experience would exercise under the same or similar circumstances. The trial court was justified in finding that the defendant acted as would a reasonably careful person of the same age, capacity and experience under the same or similar circumstances. The trial court noted that the fire was extremely small and that the defendant, using several methods, put it out as carefully as could be expected of a child of his age.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 58 Am Jur 2d, Negligence §§ 369, 370.
Modern trends as to contributory negligence of children. 77 ALR2d 917.
[2, 3] 58 Am Jur 2d, Negligence § 372.
[4] 4 Am Jur 2d, Appeal and Error § 76.
Application of "clearly erroneous" test of Rule 52(a) of Federal Rules of Civil Procedure to trial court's findings of fact based on documentary evidence. 11 ALR Fed 212.

1. NEGLIGENCE — MINORS — STANDARD OF CARE.

    A child over seven years of age is responsible for the exercise of such care and vigilance as may reasonably be expected of one of his age, intelligence, and experience, and the failure to exercise such degree of care is negligence.

2. NEGLIGENCE — MINORS — STANDARD OF CARE.

    A minor should be charged with the same standard of conduct as an adult when the minor engages in a dangerous and adult activity.

3. NEGLIGENCE — MINORS — STANDARD OF CARE.

    The appropriate standard of care to be exercised by a minor child eight years of age who builds an out-of-doors campfire is that care which a reasonably careful person of the same age, capacity, and experience would exercise under the same or similar circumstances because the building of fires is a normal and expected activity engaged in by young members of youth organizations and while building a fire, like hunting, is undoubtedly dangerous, it cannot be said that only adults build outdoor fires.

4. COURTS — FINDINGS OF FACT.

    A finding of fact by a trial court is clearly erroneous where, although there is evidence to support it, the reviewing court on the entire record is left with a definite and firm conviction that a mistake has been committed.

*Richard H. Scholl, P.C.,* for plaintiff.

*Fenner, Barney, Hofmann & Gano,* for defendant.

Before: M. F. CAVANAGH, P.J., and BRONSON and BEASLEY, JJ.

PER CURIAM. Following a bench trial in Charlevoix County District Court, plaintiff received a judgment of no cause of action in its suit against defendant, a minor, for fire damage to the barn of plaintiff's subrogee. The Charlevoix Circuit Court sustained the decision, and plaintiff now appeals by leave granted.

Defendant was eight years old when the incident giving rise to this lawsuit occurred. Defendant took some matches from the kitchen of his parents' home and, intending to cook some food, went behind his neighbors' barn to light a fire. His parents had on occasion showed him how to light matches and gather kindling to start a fire, and he had also learned about building fires in the Cub Scouts. However, his parents had advised him not to build a fire without adult supervision or close to buildings, and defendant had never built a fire on his own. The fire burned under control for a few minutes and then defendant and his friend attempted to put the fire out by dousing it with water, covering it with dirt and stamping on it. The next morning, defendant's neighbors discovered that their barn was on fire, and the local fire department was called to extinguish it. At the scene, a small burned-out area in the grass approximately six feet from the barn was found along with a book of matches from the restaurant owned by defendant's parents. Defendant's neighbors submitted a claim for the damage to their barn to their insurance company, plaintiff Farm Bureau Insurance Group. Plaintiff then brought an action against defendant's parents in the Charlevoix District Court. The jury returned a verdict of no cause of action, so plaintiff then brought suit against defendant.

Plaintiff's first issue on appeal is whether the building of a fire is a "dangerous and adult activity" for which a minor should be charged with the same standard of care as an adult. Although the law of our state has dealt with a minor's standard of care in negligence actions, the issue of whether the building of an outdoor fire is a dangerous and adult activity to which an objective, adult standard

of care should be applied is a question of first impression in this state.

In *Ackerman v Advance Petroleum Transport, Inc,* 304 Mich 96, 106; 7 NW2d 235 (1942), the Michigan Supreme Court summarized the standard of care required of minors in negligence actions:

> "The law is well settled in this State that a child [over age seven] is responsible for the exercise of such care and vigilance as may reasonably be expected of one of his age, intelligence, and experience, and that failure to exercise such degree of care is negligence."

An exception to the rule that a child is held to a different standard of care than an adult has been recognized by courts in many other jurisdictions where the minor's alleged negligence occurs in the course of an "adult activity".

> "[T]he courts have developed the rule, which is now quite generally accepted, that whenever a child, whether as plaintiff or as defendant, engages in an activity which is normally one for adults only * * * he must be held to the adult standard, without any allowance for his age." Prosser, Torts (4th ed), § 32, pp 156-157. See, also, 2 Restatement Torts, § 283A, Comment (c).

Until recently the applicability of the exception for adult activities had not been addressed in Michigan. However, in *Constantino v Wolverine Ins Co,* 407 Mich 896; 284 NW2d 463 (1979), in lieu of granting appeal, the Supreme Court ordered the case reversed and remanded for a new trial:

> "* * * because the instruction that the appellee driver was not held to the same standard of conduct as an adult was erroneous. When a minor engages in a

dangerous and adult activity, *e.g.,* driving an automobile, he is charged with the same standard of conduct as an adult." *Id.,* 896.

It would thus appear that the adult activity exception is now the rule in Michigan, although, without the benefit of a formal opinion, the contours of the exception are not yet defined.

Cases from other jurisdictions in which a minor was found to be engaged in an adult activity and thus held to the standard of care of a reasonable adult have generally dealt with the minor's operation of a motorized vehicle. See *Jackson v McCuiston,* 247 Ark 862; 448 SW2d 33 (1969) (minor operating a tractor), *Sheetz v Welch,* 89 Ga App 749; 81 SE2d 319 (1954) (minor operating a motor scooter), *Ewing v Biddle,* 141 Ind App 25; 216 NE2d 863 (1966) (minor operating a go-cart), *Williams v Esaw,* 214 Kan 658; 522 P2d 950 (1974) (minor operating a motorcycle), *Dellwo v Pearson,* 259 Minn 452; 107 NW2d 859 (1961) (minor operating a motorboat), *Robinson v Lindsay,* 20 Wash App 207; 579 P2d 398 (1978) (minor operating a snowmobile).

However, in *Neumann v Shlansky,* 58 Misc 2d 128; 294 NYS2d 628 (1968), a minor who had taken golf lessons and played golf regularly was held to an adult standard of care. The Court found that the situation was analogous to that of a minor operating a motor vehicle. The Court reasoned that the risk involved when a dangerous missile is hit by a golfer is similar to the risk involved in the driving of a motor vehicle and that both were adult activities for which the same standard of care should be applicable.

Courts which have considered the question of whether the use of a firearm is an adult activity have declined to impose an adult standard of care

on a minor who has injured a person with a firearm while hunting. *Purtle v Shelton,* 251 Ark 519; 474 SW2d 123 (1971); *Thomas v Inman,* 282 Or 279; 578 P2d 399 (1978); *Kuhns v Brugger,* 390 Pa 331; 135 A2d 395 (1957); *LaBarge v Stewart,* 84 NM 222; 501 P2d 666 (1972); *Prater v Burns,* 525 SW2d 846 (Tenn App, 1975). In *Purtle, supra,* the Arkansas Supreme Court, in declining to extend the adult activity exception to the use of firearms, stated:

"[A]uthorities recognize the identical rule, that if a minor is to be held to an adult standard of care he must be engaging in an activity that is (a) dangerous to others *and* (b) *normally engaged in only by adults.* * * * We are unable to find any authority holding that a minor should be held to an adult standard of care merely because he engages in a dangerous activity. There is always the parallel requirement that the activity be one that is normally engaged in only by adults. * * * We have no doubt that deer hunting is a dangerous sport. We cannot say, however, * * * that deer hunting is an activity normally engaged in by adults only. To the contrary, all the indications are the other way. A child may lawfully hunt without a hunting license at any age under sixteen [in Arkansas]." 251 Ark 519, 521-522; 474 SW2d 125. (Emphasis added.)

We believe that the building of a fire is more closely analogous to the use of a firearm in hunting than to the driving of an automobile. While building a fire, like hunting, is undoubtedly dangerous, it cannot be said that only adults build outdoor fires. The building of fires is a normal and expected activity engaged in by young members of youth organizations such as the Boy Scouts. The fact that the children are generally ordered not to light fires without adult supervision is not significant because many activities undertaken by chil-

dren should not be undertaken without the supervision of an adult, including such obviously nonexclusive adult activities as swimming. We decline to extend the adult activity exception to the building of fires. Thus, the trial court was correct in holding that the degree of care to be exercised by a minor engaged in this type of activity is that care which a reasonably careful person of the same age, capacity, and experience would exercise under the same or similar circumstances. *Baker v Alt,* 374 Mich 492; 132 NW2d 614 (1965).

Plaintiff next argues that, assuming the appropriate standard for determining negligence was applied, the trial court's determination that defendant was not negligent was clearly erroneous. A finding of fact is clearly erroneous where, although there is evidence to support it, the reviewing court on the entire record is left with a definite and firm conviction that a mistake has been committed. *Pohl v Gilbert,* 89 Mich App 176, 179; 280 NW2d 831 (1979). We find that the trial court was justified in finding that defendant acted as would a reasonably careful person of the same age, capacity, and experience under the same or similar circumstances. The trial court noted that the fire was extremely small and that the defendant, using several methods, put it out as carefully as could be expected of a child of his age. We are not persuaded that defendant was negligent simply because he was doing something that he knew he should not have been doing. As the trial court observed, children of defendant's age and intelligence commonly disregard instructions not to play with fire. Given defendant's attempts to put the fire out, it cannot be said that one is left with a definite and firm conviction that a mistake has been committed.

In light of our determination that the trial court applied the proper standard of care and was justified in finding that defendant did not breach that standard of care, we need not address plaintiff's third issue on appeal regarding whether the fire set by defendant was the proximate cause of the fire damage to the barn of plaintiff's subrogee.

Affirmed.