PEOPLE *v.* GREGORY.

1. Indorsing Names of Witnesses on Information—Notice.
   It is not error to allow the names of witnesses to be indorsed upon the information in a criminal case on the day of trial, and before the jury is sworn, where the prosecuting attorney testifies that he gave notice to respondent's attorney eight days before the trial, and as soon as he learned that the witnesses were material and necessary.

2. Hearsay Testimony Stricken Out by Trial Court.
   Where hearsay evidence is admitted, but subsequently stricken out on motion, the court will not assume that the jury disregarded their duty and considered such testimony.

3. Incompetent Evidence—Nonprejudicial Error.
   A case will not be reversed because an officer was permitted to testify to the statements of defendant's wife, where the point was so fully covered by other evidence that no doubt could have existed in the minds of the jurors.

4. Evidence—Possession of Burglarious Tools.
   Testimony that burglars' tools were found on a farm some time after the burglary is admissible, where the testimony shows that respondent was the only person living on the farm, and that he had worked the farm for two years prior to that time.

Error to Calhoun; Smith, J.   Submitted November 21, 1901.   (Docket No. 210.)   Decided May 19, 1902.

Joseph Gregory was convicted of burglary, and sentenced to imprisonment for 10 years in the State prison at Jackson.   Affirmed.

Respondent was convicted of the burglary of the store of one Randall, located at Tekonsha, on the night of November 29, 1897.   The information charges him with breaking and entering with intent to steal the goods and chattels therein, and also with the stealing, taking, and carrying away from the store goods to the amount of $1,000, consisting of silks, satins, etc.   The evidence showed that certain silk goods taken from Mr. Randall's store were found August 13, 1898, in a room at 904 East Main street, Jackson, this State, sewed up in a mattress, and spread out over a feather bed.   At the time the search was made and the goods found, Mrs. Gregory, the wife of respondent, was in the bed; and in that room were her clothing, writing desk, money, etc.   During the years 1897 and 1898, and up to the time of his arrest, respondent and his wife lived together at that house, which was the home of Mrs. Snover, respondent's mother-in-law.   At odd times he worked a little farm south of Jackson, also owned by Mrs. Snover, and spent some of his time there, and some of his time at the boarding house. Mrs. Gregory helped her mother about the house and did the chamber work at 904 East Main street, and was there all the time, except on some occasions when she was at the farm while her husband was there.   No explanation was given by Mrs. Snover, Mrs. Gregory, or the respondent, or any one else, as to how the silk goods, identified as the goods taken at the time of the burglary, came to be sewed up in the mattress found on the bed where Mrs. Gregory was sleeping.   In the same room were also found many letters addressed to the respondent.   The next day after the finding of the goods, search was made at the little farm worked by respondent, and certain burglarious

tools were there found,—some in the house, some in the woodshed, and some in a manure pile near the barn. The respondent was arrested at the fair grounds in the city of Jackson some time in the forenoon, and was in the charge of an officer at the time the goods were found in the bed occupied by his wife.

The theory of the prosecution, on which it was sought to convict the respondent, was that the burglary in question was committed by one Ryan and the respondent. The evidence showed that there had been a slight snow just prior to the burglary, and the tracks of two men were plainly seen in the snow; also the track of a vehicle going from the burglarized store, in an easterly direction, towards Jackson. Ryan had been convicted of this burglary prior to the trial of the present case. The evidence also showed that Ryan was also stopping with the respondent at the time of the commission of the crime, as he had been doing a month previous, and continued to do for a month after.

*Richard Price*, for appellant.

*Horace M. Oren*, Attorney General, and *Jesse M. Hatch*, Prosecuting Attorney, for the people.

GRANT, J. (*after stating the facts*). 1. The first error alleged is that the court erred in permitting the prosecuting attorney to indorse the names of two witnesses upon the information on the day of the trial, and before the jury was sworn to try the case. The prosecuting attorney testified that he gave notice to one of the defendant's attorneys immediately upon receiving information that these two witnesses were essential. That was the 22d day of January,—eight days before the trial. We think the prosecuting officer moved promptly, and that the court committed no error in allowing their names to be indorsed.

2. A deputy sheriff testified that he followed the tracks of a vehicle from the scene of the burglary out upon a highway, and that he met two men in a buggy. He was permitted to state what these two men said to him about

meeting a buggy, describing it, the condition of the horse, etc. Subsequently the court, upon motion, struck this testimony out. It is urged that it was of a damaging character, and that the injury to the defense was not cured by striking it out. We do not think the testimony was of such a character, under the record, as to justify a reversal of the case for the error, if error it was, which the court itself cured by striking out the testimony. We cannot assume that the jury were so forgetful of their duty as to not disregard this testimony after it was stricken out.

3. It is next urged that the court erred in permitting an officer to testify that the wife of the defendant, at the time the room was searched, stated that the room and the bed in which the goods were found were hers, and in admitting in evidence the goods found, done up in cretonne, and hid in the bed upon which she was then lying. It was openly proved by other testimony that this was her room, that her husband occupied it with her, and that many of his letters were found there. Even if this testimony had been excluded, no doubt could have existed in the mind of the jury that this was Mrs. Gregory's room, and was occupied by her and her husband. The point is without merit.

4. It is next urged that it was error to permit the introduction of evidence to show the finding of the burglarious tools upon the premises of Mrs. Snover at the time of the respondent's arrest. It is true that this was some time after the alleged burglary. The testimony on the part of the prosecution tended to show that he was the only one living upon the farm where the tools were found, and that he worked the farm during the years 1897 and 1898, and that he alternated between the farm and the boarding house of Mrs. Snover, where his wife lived. We think the testimony was properly admitted.

We find no error upon the record, and the judgment is affirmed.

Hooker, C. J., Moore and Montgomery, JJ., concurred. Long, J., did not sit.