LITZAU *v.* SHIMKEWICH.

1. SPECIFIC PERFORMANCE—EXCHANGE OF PROPERTY—FINDINGS BY
   COURT—RECORD.

   In suit for specific performance of agreement to exchange farm
   for city property where defendant sister had acquired farm at
   tax sale, had deed issued in name of defendant brother as
   security for money he loaned her, record *held*, to support find-
   ing that brother only claimed interest in property by way of
   lien for sums owed him by sister plus interest and that she is
   able to repay such sum and both parties able to execute con-
   veyances in accordance with agreement.

2. SAME—ABILITY TO PERFORM—ACQUISITION OF TITLE.

   Specific performance is required of one who agrees to exchange
   property which she does not own for that of property of an-
   other where she has power to acquire title by payment of a
   sum of money and then convey it.

Appeal from St. Clair; Robertson (William), J.
Submitted June 9, 1938. (Docket No. 70, Calendar
No. 40,086.) .Decided October 5, 1938.

Bill by Frank Litzau and wife against John Shim-
kewich and Leona Mass for specific performance of
a written agreement to exchange real estate. Decree
for plaintiffs. Defendants appeal. Affirmed.

*Burt D. Cady,* for plaintiffs.

*Riseman, Lemke & Piotrowski,* for defendants.

WIEST, C. J.   This is an appeal by defendants from a decree for specific performance of a written agreement for the exchange of real estate.

In 1932 Leona Mass wanted to obtain from the auditor general a tax deed to an 80-acre farm in St. Clair county, and not having sufficient means to make the purchase she borrowed $300 from her brother, defendant Shimkewich, who resided in the State of Connecticut, had the deed made in his name and agreed to make repayment of the loan with interest.   About a year later she borrowed $400 more from her brother with which to repair buildings.   In June, 1937, defendant Mass entered into agreements with plaintiffs for the exchange of the farm for property owned by them in the city of Detroit and the payment of $1,000 in money.   The sum of $100 was paid by plaintiffs at the time of the agreements.   The agreement to take plaintiffs' Detroit property was signed by Leona Mass.   The agreement to exchange the farm was signed by Leona Mass who also wrote thereon the name of John Shimkewich.

When plaintiffs sought performance defendant Mass refused, claiming her brother owned the farm.

At the hearing defendant Shimkewich testified:

"*Q.*   So as I understand your story, your sister lived in Michigan and she wanted to buy this farm in Lynn township, she was buying some tax titles or tax deeds and they were putting in $900 or a $1,000 and she wanted to borrow $300 so she could make the purchase, is that right?

"*A.*   Right.

"*Q.*   And that is why you loaned her the money?

"*A.*   Yes. * * *

"*Q.*   How long after you advanced the $300 to her was it she wrote for some more money?

"*A.*   Well, something like a year after that.

"*Q.* And then I assume she wrote and said she was on the farm and needed something to repair the buildings, is that right?

"*A.* That is right. * * *

"*Q.* So you loaned her $400?

"*A.* Yes. * * *

"*Q.* And if that $700 plus interest is paid to you, you relinquish all claim you have to the property, is that right, that is your understanding?

"*A.* That is right.

"*Q.* And you are willing to carry that out?

"*A.* Yes.

"*Q.* So if this court finds you have a mortgage for $700 plus interest and it is paid, you are willing to discharge any lien you have got there, is that right?

"*A.* That is right."

The record fully supports the following findings of the court:

"Defendants both agreed that John Shimkewich loaned money to Leona Mass. John Shimkewich testified he made a loan to her in June, 1932, of $300, and a year later another loan of $400, which sums Leona Mass was to repay him with interest at the rate of six per cent. There was testimony of other loans between the defendants, but they were made before either defendant had any interest in the farm, and they are not material to the issue in this case.

"Defendant, John Shimkewich, admitted in open court that he claimed no interest in the farm except as security, and said if he was paid the $700 and interest to date at six per cent., he would relinquish all interest in the farm. Principal and interest now amount to $907.

"Counsel for the defendants raised several questions in their briefs, the most important of which is that specific performance must be denied because it

is impossible for Leona Mass to execute a warranty deed. By her contract, Leona Mass agreed to give a warranty deed and she is in a position to acquire the interest of John Shimkewich by repaying what she owes him, which can be at any time. It is, therefore, possible for the court to enforce the contract. There was no question but what the defendant, Leona Mass, executed the written agreement and understood the contract she was making. The agreement is full and clear and should be specifically enforced.''

The court decreed that:

''John Shimkewich has no right, title or interest in said above described premises in Lynn township, St. Clair county, Michigan, except as a trustee or mortgagee to secure the repayment to himself of the $700 heretofore lent by him to the defendant Leona Mass, and which sum, with interest at the rate of six per cent. per annum, the court now finds to amount to $907; that the defendant John Shimkewich should be repaid said sum of $907; and that the defendant Leona Mass has good title and can convey the same free and clear of any and all incumbrances, after the payment of said sum of $907 to the defendant John Shimkewich,'' and that John Shimkewich execute to plaintiffs a good and sufficient conveyance of his interest in the property; that defendant Mass execute and deliver to plaintiffs a warranty deed to the farm, and that plaintiffs execute and deliver to defendant Mass a warranty deed of the Detroit property.

It being made to appear that defendant Mass can and should perform her contract and that defendant Shimkewich is assured of payment of his loans, there appears to be no good reason for disturbing the decree.

We held in *Brin* v. *Michalski,* 188 Mich. 400, (quoting syllabus):

"Where the evidence shows that it is within the power of defendants to perform, a decree for specific performance of a land contract will be affirmed, although they do not hold legal title to the property."

.The decree is affirmed, with costs to plaintiffs.

BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred. BUTZEL, J., took no part in this decision.