PEOPLE *v.* FLOYD

1. Criminal Law—Trial—Jury Verdict—Question of Fact.

   The jury is the sole judge of the facts in a case and the court may not interfere with its judgment; therefore if there is sufficient evidence, if the jury believes it, to find defendant guilty beyond a reasonable doubt, the court may not upset that determination.

2. Same—Due Process—Evidence—Identification of Defendant—Lineup.

   Identification of defendant by the complainant through the use of a single confrontation instead of a lineup is not good police practice for the resolution of identification questions, but it is not *per se* a violation of due process and is permissible when, considering the individual facts of each case, the confrontation was not unnecessarily suggestive and conducive to an irreparably mistaken identification.

3. Appeal and Error—Saving Questions for Review—Jury Instruction.

   Defendant's allegations on appeal that the trial judge did not properly instruct the jury will not be considered, where he made no objections to the instructions at trial even though he had the opportunity to do so (GCR 1963, 516.2).

4. Criminal Law—Instructions to Jury—Identity of Defendant—Appeal and Error.

   No particular form of instruction to the jury is required as to identity of defendant and the charge to the jury must be considered as a whole in determining whether defendant was prejudiced.

References for Points in Headnotes

[1]  53 Am Jur, Trial § 275 *et seq.*
[2]  21 Am Jur 2d, Criminal Law § 368.
[3]  5 Am Jur 2d, Appeal and Error § 891.
[4]  53 Am Jur, Trial § 648.

Appeal from St. Joseph, Andrews (Mark S.), J. Submitted Division 3 October 10, 1968, at Grand Rapids. (Docket No. 4,147.) Decided December 24, 1968. Leave to appeal denied May 15, 1969. See 382 Mich 753.

Thomas Floyd was convicted of breaking and entering with intent to commit larceny and assault with a dangerous weapon without intending to commit the crime of murder or great bodily harm less than murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *William L. McManus,* Prosecuting Attorney, for the people.

*Bucknell & Gergely,* for defendant.

Templin, J. Defendant was found guilty by a jury of the crimes of breaking and entering with intent to commit larceny, CL 1948, § 750.110, as amended by PA 1964, No 133 (Stat Ann 1968 Cum Supp § 28.305), and assault with a dangerous weapon without intending to commit the crime of murder or great bodily harm less than the crime of murder, CL 1948, § 750.82 (Stat Ann 1962 Rev § 28.277). In his first assignment of error defendant questions whether there was sufficient evidence in the record to warrant a jury finding of guilt beyond a reasonable doubt. We find no merit in this contention. A review of the record indicates more than sufficient evidence from which the jury could make a finding of guilt beyond a reasonable doubt of both crimes. The jury is the sole judge of the facts and neither the trial court nor this court can interfere with their exercise of that right. *People* v. *McIntosh* (1967), 6 Mich App 62, citing *People* v. *Miller* (1942), 301

Mich 93. If there is sufficient evidence, upon which if the jury believes it, it can find the defendant guilty beyond a reasonable doubt, the court may not upset that determination. *People* v. *Paugh* (1949), 324 Mich 108; *People* v. *Moshier* (1943), 306 Mich 714.

Error is next assigned to the testimony of the complaining witness that she identified the defendant alone at the police station and not in a lineup. The testimony of the complaining witness showed that late on the evening of October 7, 1966 the defendant entered her home at Three Rivers, Michigan, and told her that he was looking for money, that he later blindfolded her, forced her to disrobe and lie on the floor where he made lewd suggestions and advances towards her. Upon his departure she immediately notified the police, giving them a rather complete description of the defendant, including his clothing. Within a half hour the police picked up a suspect in the area who answered the general description and brought him to the complainant who rejected him unequivocally as not being the individual who had entered her home. She further testified that the following Friday morning, October 14, the police asked her early in the morning to:

"* * * come down to the police station to see if I could identify the man that they had."

She testified that when she got to the station, a man was sitting in the office and the police asked him to stand up. An officer attending the scene then testified that:

"* * * she immediately turned and more or less broke into a cry and, her husband put his arms around her and she said, 'That's definitely the man' —without hesitation she identified him."

The question of allowing testimony of prior identification of a defendant was considered in *People* v. *Londe* (1925), 230 Mich 484, in which the Supreme Court of Michigan approved testimony by the victim and another as to identification of the defendant and the circumstances surrounding such identification at police headquarters. The more serious question of whether a lineup is required in identification matters was reviewed in *People* v. *Serra* (1942), 301 Mich 124, in which the defendant requested a charge that there are inherent dangers in an identification where the sole identification witness is called to identify an individual as an alleged criminal rather than permitted to pick such person out of a group. The Michigan Supreme Court upheld the trial judge's denial of the requested charge and the charge given in its stead, that:

"There is no law that requires any particular method of identification. You are at liberty, as I said, to examine into all the circumstances of the case, all the testimony as bearing on the question of identity."

The court held that the refusal of the request to charge was proper since the request dealt with the weight of the evidence and was argumentative. The United States Supreme Court, in *Stovall* v. *Denno* (1967), 388 US 293 (87 S Ct 1967, 18 L Ed 2d 1199), held that single confrontations are to be condemned but are not per se unconstitutional. The question is whether the confrontation conducted was "* * * unnecessarily suggestive and conducive to irreparable mistaken identification" so as to deprive the defendant of due process. Here the totality of circumstances made such a confrontation imperative so that the conviction was affirmed. The question was again reviewed in *Simmons* v. *United States* (1968), 390 US 377 (88 S Ct 907, 19 L Ed 2d 1247),

wherein the Court held that whether such identification procedures were a denial of due process depended on the factual circumstances of the case.

We believe that good police practices should dictate the use of lineups for resolving identification questions wherever practicable. However, in those cases involving single confrontations the entire circumstances of the identification must be inquired into and, as such, are ordinarily not determinative of the admissibility of such evidence, but rather its weight and probative value. As the people note in their brief, Three Rivers is located in St. Joseph county; and the only jail in the county rarely contained enough prisoners, particularly Negroes, to hold a lineup for defendant, a Negro. Review of the record and all surrounding circumstances indicates no error nor prejudice resulting to the defendant from his individual identification by complainant.

We find no merit in defendant's final assignment of error that the trial judge did not accurately instruct the jury that they must find that the defendant was identified as the assailant beyond a reasonable doubt. A review of the record indicates that the defendant made no objection to the instruction of the trial court in this regard though he was afforded an opportunity to do so. GCR 1963, 516.2 provides as follows:

"No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider the verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."

This Court has held that the failure of timely objection waives any right defendant might have had

to object to the instructions on appeal. *People* v. *Mallory* (1966), 2 Mich App 359, 364; *People* v. *Dexter* (1967), 6 Mich App 247, 253. Further, we find no error in the instruction objected to. We held in *People* v. *McIntosh* (1967), 6 Mich App 62, 69, cited by defendant, that no particular form of instruction is required as to identity and, furthermore, that the entire charge must be read as a whole in determining whether the defendant was prejudiced. We find no prejudice herein.

Affirmed.

LESINSKI, C. J., and FITZGERALD, J., concurred.