PEOPLE *v.* JACKSON

1. CRIMINAL LAW—EVIDENCE—PHOTOGRAPHS—IDENTIFICATION.
   Convictions based on an eyewitness identification at trial following a pretrial identification from a photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.

2. CRIMINAL LAW—EVIDENCE—PHOTOGRAPHS—IDENTIFICATION.
   Defendant's bare assertion that pretrial identification from a photograph necessarily taints in-court identification is without merit.

Appeal from Recorder's Court of Detroit, George W. Crockett, Jr., J. Submitted Division 1 May 7, 1970, at Detroit. (Docket No. 7,786.) Decided June 2, 1970.

Robert Jackson was convicted of robbery armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Robert Jackson, in propria persona.*

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 29 Am Jur 2d, Evidence §§ 485, 784, 791.

Before: V. J. Brennan, P. J., and McGregor and Ager,* JJ.

Per Curiam. The defendant herein was tried and convicted of armed robbery, MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797), and from this verdict he appeals.

On January 23, 1968, a party store in Detroit was robbed of $125. Present during the robbery were the owner and her daughter. The daughter selected the defendant from a pretrial lineup, and again positively identified him in court. Although the owner selected the defendant from photographs shown to her, she was unable to select the defendant from the lineup. However, she did make a positive in-court identification of the defendant.

Defendant on appeal contends that the store owner's pretrial identification was tainted in that she selected the defendant by photograph, which therefore resulted in a tainted identification. *Simmons* v. *United States* (1968), 390 US 377 (88 S Ct 967, 19 L Ed 2d 1247). *Simmons* did not hold that the mere selection of photographs prior to trial taints the in-court identification. The Court therein held that "each case must be considered on its own facts," and that "convictions based on eyewitness identification at trial, following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons, supra,* 390 US 384 (88 S Ct 967, 19 L Ed 2d 1253).

The defendant herein makes the bare assertion that identification by photograph necessarily taints

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the in-court identification. This contention is without merit.

This Court finds that sufficient evidence was presented to the trier of fact which, if believed, would sustain the conviction herein. *People* v. *Floyd* (1968), 15 Mich App 284, 285.

Conviction affirmed.