PEOPLE *v.* HALLAWAY

1. CRIMINAL LAW — IDENTIFICATION — SINGLE CONFRONTATIONS —
   EVIDENCE — DISCRETION.

   Single confrontation, although condemned, is not unconstitutional *per se,* and the trial court has discretionary authority to allow the facts regarding a single showup for identification to be submitted to the jury, under proper instructions.

2. CRIMINAL LAW — EVIDENCE — HEARSAY TESTIMONY — HARMLESS
   ERROR.

   Admission of officers' hearsay testimony regarding the descriptions of robbers and their getaway car was harmless error where eyewitnesses of the robbery testified to substantially the same facts.

3. WITNESSES — CREDIBILITY — IMPEACHMENT — REBUTTAL EVIDENCE — ROBBERY.

   The credibility of one's witness may be impeached by rebuttal evidence and one may not complain when this occurs; therefore, where defendant, charged with robbery, sought to support his theory that his automobile had been stolen previous to the day of the robbery and that he could not have used it in committing that crime by calling his brother to testify that he had not seen defendant's automobile for some time before the robbery and in rebuttal a prosecution witness made an in-court identification of defendant's brother as one of the participants in the robbery, defendant could not be heard to complain that the rebuttal witness was called solely to inflame the jury against defendant.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 368.
   Admissibility of evidence as to extrajudicial or pretrial identification of accused. 71 ALR2d 449.
[2] 29 Am Jur 2d, Evidence § 493 *et seq.*
[3] 29 Am Jur 2d, Evidence § 269.
   53 Am Jur, Trial § 129.

Appeal from Recorder's Court of Detroit, Robert
E. DeMascio, J. Submitted Division 1 December 4,
1969, at Detroit. (Docket No. 6,809.) Decided July
30, 1970.

John A. Hallaway was convicted of assault with
intent to rob and steal being armed. Defendant
appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Angelo A. Pentolino,* Assistant
Prosecuting Attorney, for the people.

*Smith, Bokos & Jones,* for defendant.

Before: R. B. Burns, P. J., and Holbrook and
V. J. Brennan, JJ.

Per Curiam. Defendant John Hallaway was tried
by a jury on March 26, 1968, and convicted of assault
with intent to rob and steal being armed. MCLA
§ 750.89 (Stat Ann 1962 Rev § 28.284).

On May 24, 1967, three men, two of whom were
wearing silk stocking masks, gained entry into
Delphine Baraneck's home and announced a holdup. The robbers took flight after Miss Baraneck
screamed; the only property taken was a small dark
duffle bag containing papers, tools, clothing and a
bankbook.

Several young persons testified that they heard
Miss Baraneck's screams and then saw defendant
running down the street in the company of two other
men. Defendant was identified particularly because
of his ears, which had been previously deformed in
a fire. Several of the young persons observed the

getaway car and noted its license number. The automobile was later found burned with a charred bag inside together with a remnant of an insurance policy bearing one of the victim's names. The automobile was registered to defendant.

Defendant contends on appeal that a showup conducted on June 11, 1967, was, " 'unnecessarily suggestive and conducive to irreparable mistaken identification.' " *People* v. *Floyd* (1968), 15 Mich App 284, citing *Stovall* v. *Denno* (1967), 388 US 293 (87 S Ct 1967, 18 L Ed 2d 1199). Defendant claims that at the showup he was viewed alone (except for a plainclothes officer seated nearby), was without counsel, and was compelled to wear clothes similar to the apparel worn by one of the robbers.[1] We find that the record below simply does not justify defendant's contentions as to the manner in which the showup was conducted.

Prior to and, for that matter, after *Wade*, single confrontations were condemned but not unconstitutional *per se*. See *People* v. *Floyd, supra*, at 287. All the circumstances were to be examined and the trial judge had discretionary authority to allow or not the facts of the showup and to be submitted to the jury, under proper instructions. There were no objections here to the court's charge; in fact, trial counsel commented that it, "was a very fair charge."

Examining then the entire circumstances surrounding the showup as related by the record, we do not feel the trial court abused its discretion in allowing the testimony concerning the showup to get before the jury.

---

[1] Defendant asserts no claims that the showup of June 11, 1967, violated the standards set for confrontations in *United States* v. *Wade* (1967), 388 US 218 (87 S Ct 1926, 18 L Ed 2d 1149), inasmuch as the showup was conducted prior to the *Wade* decision. Rather, defendant claims that the showup was unfairly suggestive. *Stovall* v. *Denno* (1967), 388 US 293 (87 S Ct 1967, 18 L Ed 2d 1199).

Defendant also argues that the trial judge erred by permitting hearsay testimony by the investigating officers as to the descriptions given them of the robbers by eyewitnesses. In Michigan, admission of substantial hearsay evidence may be prejudicial error, notwithstanding the fact that the declarant is available for cross-examination, *People* v. *Kaplan* (1931), 256 Mich 36. However, where the declarant testifies to and substantiates incompetent evidence, the defect becomes nonprejudicial. *People* v. *Hawks* (1919), 206 Mich 233. In the instant case, the police gave hearsay testimony as to the robbers' descriptions and a description of the getaway automobile. In light of the fact that these eyewitnesses testified to substantially the same facts, whatever error there might be, if any, must be regarded as harmless. In *People* v. *Gregory* (1902), 130 Mich 522, a police officer testified as to hearsay statements made to him by defendant's wife. Although there might have been error, the Court noted, other testimonial evidence existed to prove independently the facts brought to light through hearsay. In *People* v. *Kregger* (1953), 335 Mich 457, *cert. den.* 355 US 929 (78 S Ct 413, 2 L Ed 2d 415), the erroneous admission of hearsay corroborative of other properly admitted testimony was held harmless.

Finally, defendant contends that the trial court erred by its refusal to grant a motion for a mistrial. Defendant sought to support his theory that his automobile had been stolen previous to the day of the robbery—and thus, it could not have been used by him in the robbery—by calling his brother, Roy, who testified that he had not seen defendant's automobile for some time before the robbery. The prosecution called a witness, Gene Fournier, who made an in-court identification of Roy Hallaway as one of the individuals involved in the robbery. De-

fendant argues that the calling of this rebuttal witness was solely to inflame the minds of the jury against defendant.

There is, of course, always the risk that the credibility of one's witness may be impeached by rebuttal evidence, and one may not complain when this occurs. The scope of rebuttal evidence is left to the discretion of the trial judge. *People* v. *DeLano* (1947), 318 Mich 557. There has been no showing of any abuse of discretion in this case.

Affirmed.