PEOPLE *v.* LUMPKIN

1. CRIMINAL LAW—CONFESSIONS—EVIDENCE—WARNING OF RIGHTS—
RESPONSE TO DEFENDANT'S QUESTIONS.

  A defendant's statements to police were admissible without a
  showing that he had been warned of his constitutional rights
  where the testimony relating to the statements was elicited
  solely by defense counsel.

2. APPEAL AND ERROR — IN-COURT IDENTIFICATION — PRESERVING
QUESTION FOR REVIEW.

  Objections to in-court identifications of the defendant will not be
  heard by an appellate court where the defendant did not ob-
  ject to the identifications at trial and the record makes it
  reasonably certain that there was no injustice in allowing the
  identifications.

3. CRIMINAL LAW—EVIDENCE—WEAPONS OR TOOLS—IDENTIFICATION
—ADMISSIBILITY.

  Weapons or tools found in the defendant's possession at the time
  of his arrest may be introduced into evidence without proof
  that they were the very weapons used by him in the crime
  with which he is charged, if the weapons found might have been
  the ones that were used.

Appeal from Recorder's Court of Detroit, Geral-
dine Bledsoe Ford, J. Submitted Division 1 Sep-
tember 1, 1970, at Lansing. (Docket No. 7,301.)
Decided October 5, 1970. Leave to appeal denied
January 15, 1971. 384 Mich 797.

John A. Lumpkin was convicted of statutory rape.
Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 582 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*
[3] 29 Am Jur 2d, Evidence § 623.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Patricia Pernick Boyle,* Assistant Prosecuting Attorney, for the people.

*Carl Levin* (Defenders' Office—Legal Aid and Defender Association of Detroit), for defendant on appeal.

Before: Quinn, P. J., and Bronson and McGregor, JJ.

Per Curiam. The people have moved to affirm defendant's November 18, 1968 conviction by a recorder's court jury of statutory rape in violation of MCLA § 750.520 (Stat Ann 1954 Rev § 28.788). See GCR 1963, 817.5(3).

No showing that defendant was advised of his rights under *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974) was necessary because evidence of defendant's statements to police was elicited solely by defense counsel.

Since no objection was made at trial to in-court identifications of defendant, we do not consider allegations of error pertaining to such identifications where the record makes it reasonably certain that there was no injustice in allowing the identifications to be made. *People* v. *Schram* (1970), 23 Mich App 91.

Remarks in the prosecutor's closing argument objected to by defendant have been examined and found to have been permissible comments.

Finally, the gun found on defendant's person when he was arrested was admissible in evidence under the rule stated in *People* v. *Hall* (1969), 19 Mich App 95, 98.

Motion to affirm is granted.