PEOPLE *v.* BILLINGS

1. APPEAL AND ERROR—REVERSIBLE ERROR—MISCARRIAGE OF JUSTICE.
    No judgment or verdict will be set aside or reversed for errors
    or defects in the proceedings which did not result in a mis-
    carriage of justice (MCLA § 769.26; GCR 1963, 529.1).

2. CRIMINAL LAW—EVIDENCE—HEARSAY—WITNESSES—EYEWITNESS.
    Allowing a police detective to testify regarding the statements
    made, during a police interrogation, by the defendant's partner
    concerning the crime with which the defendant was charged
    even though the testimony was hearsay was not reversible error
    where the victim of the crime testified to substantially the same
    facts, because the police detective's testimony was merely cumu-
    lative.

Appeal from Genesee, Donald R. Freeman, J.
Submitted Division 2 October 16, 1970, at Marquette.
(Docket No. 9,502.)   Decided December 2, 1970.

Clifford Billings was convicted of assault with
intent to do great bodily harm less than murder.
Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Robert F. Leonard,*
Prosecuting Attorney, and *Donald A. Kuebler,*
Chief Assistant Prosecuting Attorney, for the
people.

*Carl H. Leiter,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1]  5 Am Jur 2d, Appeal and Error § 783 *et seq.*
[2]  29 Am Jur 2d, Evidence § 610.

Before: Fitzgerald, P. J., and McGregor and
O'Hara,* JJ.

O'Hara, J.  Defendant-appellant was charged with
the offense of "assault with intent to commit mur-
der," MCLA § 750.83 (Stat Ann 1962 Rev § 28.278).
After trial, defendant was found guilty by a jury
of "assault with intent to do great bodily harm
less than the crime of murder," MCLA § 750.84
(Stat Ann 1962 Rev § 28.279).  Subsequently, he
was sentenced to serve life imprisonment with a
recommendation that he be placed in solitary con-
finement and never be considered for pardon or
parole.[1]  He brings this appeal of right.

Defendant and another man, Mr. James Hanes,
apparently broke into a saddlery company in Flint,
Michigan, and left the scene in a truck.[2]  Officer
Darby, of the Flint Police Department, testified
that he spotted a truck matching a radioed descrip-
tion pulling into a driveway and moved his patrol
car up behind it.  The officer was met by defendant
and Mr. Hanes in back of the truck and each pro-
duced a driver's license for identification.  After
returning to his patrol car to check further on the
breaking and entering, the officer again emerged
from his car whereupon the defendant allegedly
drew a gun and stuck it into the officer's midsection.
When defendant reached for the officer's gun, Officer
Darby began wrestling with defendant, squirting
him with Mace and eventually kicking defendant's

---

* Former Supreme Court Justice, sitting on the Court of Appeals
by assignment pursuant to Const 1963, art 6, § 23 as amended in
1968.

[1] This sentence followed defendant's conviction as a fourth offender
under MCLA § 769.12 (Stat Ann 1954 Rev § 28.1084).

[2] Prior to this prosecution, defendant was convicted of breaking
and entering the involved building.  We mention this not because
it is decisionally relevant *per se,* but informationally, because the
weapon used by defendant in the alleged assault was identified as
having been stolen from the saddlery company building.

gun away. During the struggle the defendant overcame the officer and was apparently about to get his gun when other officers arrived and subdued the defendant. A search of the immediate area produced a .25 caliber automatic which had been stolen from the saddlery company. Defendant's partner testified at trial but was not prosecuted. Defendant's motion for a new trial was denied.

Defendant raises multiple issues on appeal. We dispose of all but one under the court rule,[3] statute,[4] and settled case law that no judgment or verdict shall be set aside or reversed for errors or defects in proceedings which do not result in a miscarriage of justice.

The Supreme Court has written specifically to the point:

"The import of both the rule and the statute is that on review courts should be concerned with substance, not with form, that the fundamental inquiry is whether there has been a miscarriage of justice". *People* v. *Dunn* (1968), 380 Mich 693, 701.

We have reviewed the extensive trial transcript with care. We find no suggestion of a miscarriage of justice.

We direct ourselves now to the question raised by appellant relating to certain testimony, the admission of which is claimed to have resulted in error so prejudicial as to have been reversibly erroneous.

The testimony specifically claimed to be hearsay is that of Detective Hatchew who was called to the stand after the testimony of Mr. Hanes and testified as follows:

"*Q.* Did he [Hanes] tell you during this interrogation, at the time of the assault, that Mr. Billings

---

[3] GCR 1963, 529.1.
[4] CL 1948, § 769.26 (Stat Ann 1954 Rev § 28.1096).

reached into his pocket and pulled out a pistol, an automatic, and pointed it at Officer Darby?

"*A.* Yes, he did".

The testimony was obviously hearsay. It was not admissible for impeachment purposes because no proper basis for impeachment examination had been established. On direct examination the police officer alleged to be the subject of the assault testified:

"He put the gun almost directly in the stomach—wasn't touching me—but very close".

In view of the testimony above quoted and the prior testimony of Hanes, the hearsay was at best merely cumulative. Its admission was not reversibly erroneous. See *People* v. *Hallaway* (1970), 25 Mich App 604.

We have reviewed the whole record and find no reversible error. We commend appointed counsel and the prosecuting attorney for their well-considered and thorough briefs.

Finding no reversible error, the judgment of conviction is affirmed.

All concurred.