## WRIGHT v. WHITMIRE

1. EVIDENCE — DEPOSITIONS — DEPOSITION ADMISSIONS — MULTIPLE DEFENDANTS—ADMISSIBILITY.

   Allowing the deposition admissions of defendant's codefendant to be read into evidence in an automobile negligence case was harmless error where both the defendant and the codefendant testified fully at trial regarding the matters contained in the deposition and where their testimony constituted substantive evidence as to how the plaintiff was injured and who, if anyone, was responsible for the injury.

2. TRIAL—INSTRUCTIONS TO JURY—REQUESTED INSTRUCTION.

   Requested instructions to the jury need not be given where the court has correctly instructed on the subject covered by the requested instructions.

3. AUTOMOBILES—NEGLIGENCE—EVIDENCE.

   Evidence that defendant driver in an automobile negligence case was speeding, that he saw the plaintiff standing in the center of the road when he was ten car lengths away, that he never varied his speed or course, that there were no cars either between the plaintiff and the defendant or to the defendant's right, that plaintiff was caught between and hit by another car, coming from the opposite direction, driven by a codefendant, and by the defendant's car, and that the plaintiff did not move at all while standing in the highway was sufficient to support a jury verdict that the defendant was guilty of negligence.

Appeal from Wayne, George T. Martin, J. Submitted Division 1 February 9, 1971, at Detroit. (Docket No. 9358.) Decided March 25, 1971.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 803.
[2] 53 Am Jur, Trial §§ 527, 528.
[3] 8 Am Jur 2d, Automobiles and Highway Traffic § 1002.

Complaint by Marguriet Moore Wright against Edward W. Whitmire, Toni Kay Osborne Bufe, and Frank Osborne for damages for injuries in an automobile-pedestrian accident.   Judgment for plaintiff. Defendant Whitmire appeals.   Affirmed.

*Richard G. Eubank,* for plaintiff.

*Rouse, Selby, Dickinson, Shaw & Pike* (by *Forrest G. Shaw*), for defendant Whitmire.

Before: DANHOF, P. J., and HOLBROOK and BRONSON, JJ.

HOLBROOK, J.   This is an appeal by Edward W. Whitmire which arises out of a negligence action for personal injuries sustained by the plaintiff as a result of being struck by one or both of the defendants' vehicles.   After a jury trial, a verdict of $50,000 against both defendants was returned and judgment was entered thereon.

The accident occurred in front of the Burroughs plant on Plymouth Road, east of Haggerty in Wayne County at about 7 a.m. on November 15, 1963. Plymouth Road was a four-lane paved highway running east and west with a double yellow line down the center.   It was testified that the speed limit was between 35 and 45 miles per hour.   It was dark, the weather was clear and the pavement dry.   The traffic was light.   Defendant Whitmire was traveling east on Plymouth Road, and defendants Osborne were traveling west.   There was testimony that defendant Whitmire was speeding, probably going 60 miles per hour.   He admitted that this was probably an accurate estimate and admitted to at least 40 to 50 miles per hour.   To the west of the accident scene on Plymouth Road there is a hill, and Whitmire

came up on the hill to a point where he was able to and did see the plaintiff at the time he was about ten carlengths away. When he first saw the plaintiff, she was standing right on the center yellow line. She was standing, body erect, not moving and waiting to cross. She may have turned her head.

Whitmire was traveling in the lane closest to the center line. He never varied his course or speed. There was no car between Whitmire and the plaintiff and no car to Whitmire's right. The only other car in the vicinity was defendants' Osborne car approaching from the opposite direction and in the lane closest to the center line. When the Osborne car was five carlengths away from the plaintiff, Whitmire was ten carlengths away. Toni Kay Osborne Bufe knew that Whitmire was going to hit the plaintiff. The plaintiff was caught right in between the two cars and she testified that she could feel suction. Whitmire stated that he felt her hit against the side of his car and that there was a swishing or sucking sound from the wind between the two cars. Mrs. Osborne Bufe heard the bump and knew that there was no question that plaintiff had been hit.

There is some testimony that the speed limit was 40 or 45 miles per hour. Whitmire did claim that he was only two carlengths away when he came over the hill and saw plaintiff for the first time. Whitmire at one point said that the plaintiff was north of the center line and that he saw that she was standing on the opposite side of the yellow line from him. Mrs. Osborne Bufe said at one point that plaintiff was on the south side of the yellow line so that she was standing on the opposite side of the yellow line from her. Both defendants agree that plaintiff never moved. Whitmire thought there was a car to the right of the Osborne car.

Aside from these rather minor points, the testimony is undisputed.

The plaintiff testified that traffic was clear for one-half mile in each direction when she started to cross Plymouth Road. Apparently defendants' vehicles were not in sight. What interfered with her crossing is unknown, and she does not remember being struck. Plaintiff stated that she remembers nothing but saying, "Oh my God", until the following Thursday. Plaintiff suffered from retrograde amnesia. The one undisputed fact agreed to by both defendants is that the plaintiff stood stock-still in the center of the highway from the time each defendant saw her until each defendant's left-front fender passed her.

Defendant Whitmire raises four issues on appeal.

## I

Was it error to permit excerpts from codefendant Osborne Bufe's deposition to be read to the jury by her counsel over defendant Whitmire's objection that they were hearsay and self-serving?

The objected-to testimony is as follows:

"*Mr. Eggenberger:* From the bottom of page 36: —this is a question by myself:

" '*Question:* Toni, I have just a few questions that I want to ask you. What did you do, if anything, right after you first saw this woman standing south, in the center lane?

" '*Answer:* When my headlights shined on her I began cutting into the very right lane, the outside lane.

" '*Question:* Did you get completely into that lane, Toni, by the time this other car struck her?

" '*Answer:* I don't recall whether I was completely in it or going into the lane.

*" 'Question:* Can you estimate for me about how far—how much of your car was into the right-hand lane by the time you either glanced or heard this impact?

*" 'Answer:* I am sure half of it was in this lane.

*" 'Question:* Did you then just continue in that lane after the accident and pulled off on the shoulder?

*" 'Answer:* Then I pulled off, yes.' "

The use of a deposition at trial is governed by the provisions of GCR 1963, 302.4(1), (2), (3), and (4). Plaintiff's counsel initiated the reading of codefendant Osborne Bufe's deposition, and, being an adverse party, the procedure was proper. Defendant Whitmire's counsel then read additional portions of the deposition. At this point, codefendant Osborne Bufe's attorney then read the objected-to portions. The same procedure was followed as to the deposition of defendant Whitmire. After plaintiff's counsel and codefendants' counsel had introduced portions of the deposition, Whitmire's attorney read other parts of the deposition. This procedure, provided the evidence is admissible, is permissible under GCR 1963, 302.4(4) which reads as follows:

"If only part of a deposition is offered in evidence by a party, an adverse party may require him to introduce all of it which is relevant to the part introduced, and any party may introduce any other parts."

In any event, Mrs. Osborne Bufe was a witness at trial and testified to the very same facts as those introduced from her deposition to which defendant Whitmire objects.

Whether the whole of the deposition of a witness was or was not received in evidence becomes unimportant where it appears that the witness testified

on the trial to the facts covered thereby. *People* v. *Smith* (1895), 106 Mich 431.

The admissions of defendant Osborne Bufe in a deposition were not admissible as against Whitmire,[1] and defendant Whitmire's admissions in his deposition were not admissible as against Osborne Bufe. However, in the instant case, both defendants were witnesses at the trial. They testified fully as to the matters contained in their depositions and such testimony constituted substantive evidence as to how the accident happened and who, if anyone, was responsible and liable for it.

Under these circumstances we rule that any error committed concerning this issue was harmless. *People* v. *Hallaway* (1970), 25 Mich App 604. *People* v. *Wardell* (1970), 26 Mich App 69.

## II

Defendant asserts that the trial court erred in refusing to give defendant's first requested jury instruction.

This instruction dealt with the duties of a pedestrian in crossing the highway and the law of contributory negligence. We have reviewed the instructions given by the court and find that the instruction desired was properly given in the words of the trial judge. The correct instruction having been given, it is not error to refuse to give a requested instruction on the same subject. *Shirley* v. *The Drackett Products Company* (1970), 26 Mich App 644.

## III

Defendant asserts that the trial court committed error by not directing a verdict in his favor at the close of the proofs.

---

[1] *Ghezzi* v. *Holly* (1970), 22 Mich App 157, 168.

A review of the testimony clearly indicates that there were issues of fact to be determined by the jury, and for the court to have given a directed verdict in favor of defendant at the close of the proofs would have been highly improper. *Genesee Merchants Bank & Trust Company* v. *National Auto Leasing Corporation* (1970), 24 Mich App 462; *Shirley* v. *Drackett Products Company, supra.*

## IV

Defendant contends that the verdict of the jury was against the great weight of the evidence.

A review of the record reveals that there was ample evidence submitted to justify the verdict of the jury in favor of plaintiff and against defendant, both as to liability and as to damages.

Affirmed. Costs to plaintiff.

All concurred.