PEOPLE *v.* WATTS

1. CRIMINAL LAW—EVIDENCE—PRIOR SIMILAR ACTS.
   References during a criminal trial to a defendant's similar prior
   acts are, as a general rule, improper.

2. CRIMINAL LAW—EVIDENCE—PRIOR SIMILAR ACTS.
   Prosecutor's reference to prior acts of the defendant similar to
   the one for which defendant was being tried and the trial
   court's failure to instruct on the limited purpose for which
   such evidence was admissible could not be assigned as error
   on appeal where defendant's own counsel brought the issue
   of prior similar acts into the trial and at no time objected
   to the evidence's admission.

Appeal from Recorder's Court of Detroit, Geraldine Bledsoe Ford, J. Submitted Division 1 June 17, 1971, at Detroit. (Docket No. 10600.) Decided July 29, 1971.

Robert Watts was convicted of assault with intent to do great bodily harm less than murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial § 459.
[2] 5 Am Jur 2d, Appeal and Error §§ 545, 716–718.

*Carl B. Bolden, Jr.,* for defendant on appeal.

Before: T. M. Burns, P. J., and Holbrook and McGregor, JJ.

Per Curiam. Defendant was convicted by a jury of assault with intent to do great bodily harm less than the crime of murder, MCLA § 750.84 (Stat Ann 1962 Rev § 28.279). From a denial of his motion for a new trial, this appeal followed.

The incident out of which this case arose involved a shooting of two persons by defendant. During the course of trial, it was revealed that defendant had previously been involved in shootings not resulting in an arrest or conviction. Defendant now assigns such revelations as reversible error. We recognize that as a general rule it is improper during trial to refer to similar prior acts, *People* v. *Matthews* (1969), 17 Mich App 48. However, the instant record reveals that defendant's own counsel brought the prior similar acts into the trial and at no time objected to their admission during trial. With this fact in mind, we hold that the prosecutor's further reference to them and the trial court's failure to instruct on the limited purpose for which such evidence is admissible may not now be assigned as error. *People* v. *Kelly* (1970), 26 Mich App 148.

Defendant also contends that the trial judge improperly instructed the jury on the law of self-defense. When read as a whole, the instructions, as given, were a correct statement of the law. *People* v. *Floyd* (1968), 15 Mich App 284.

Affirmed.