PEOPLE v PRIDE

1. ROBBERY—ARMED ROBBERY—EVIDENCE—CONCEALED WEAPONS— PRESERVING QUESTION.

Defendant's failure to challenge the admission at his trial for armed robbery of a .32-caliber revolver found concealed on his person when he was arrested on the ground that carrying a concealed weapon is a separate offense and the prejudicial effect of admitting the weapon outweighed its probative value, precluded raising that issue on appeal; defendant should have objected at trial and given the trial judge an opportunity to exercise his discretion regarding the relevancy and materiality of admitting the evidence.

2. ROBBERY—ARMED ROBBERY—EVIDENCE—CONCEALED WEAPONS— PROBATIVE VALUE.

The probative value of a .32-caliber revolver seized from defendant's person at the time of his arrest was sufficiently increased to outweigh its possible prejudicial effect and render it admissible by the facts that it matched the complaining witness's description of the weapon used in an armed robbery of the store where the complainant worked and that defendant was arrested in a location very near the scene of the armed robbery within a day following the crime to render it admissible.

3. ROBBERY—ARMED ROBBERY—LESSER OFFENSES—INSTRUCTIONS TO JURY.

Failure to instruct the jury on lesser included offenses in a trial for armed robbery was not reversible error where defendant neither requested such an instruction nor objected to the instructions as given.

4. ROBBERY—ARMED ROBBERY—INSTRUCTIONS TO JURY—EXCLUSION OF LESSER INCLUDED OFFENSES.

An instruction limiting a jury to consideration of two possible

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error §§ 517, 601, 602.
[2] 29 Am Jur 2d, Evidence §§ 253, 260.
[3, 4] 46 Am Jur, Robbery § 58.
  53 Am Jur, Trial §§ 286, 800.

verdicts does not constitute an affirmative exclusion of lesser included offenses.

Appeal from Recorder's Court of Detroit, Elvin L. Davenport, J. Submitted Division 1 June 23, 1972, at Detroit. (Docket No. 13190.) Decided September 28, 1972.

Edward Pride was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas M. Khalil,* Assistant Prosecuting Attorney, for the people.

*Sidney Kraizman,* for defendant on appeal.

Before: J. H. Gillis, P. J., and McGregor and Bronson, JJ.

Bronson, J. Defendant was convicted by a jury verdict of robbery armed and committed to the Michigan Correctional Commission to serve a term of 5 to 15 years. MCLA 750.529; MSA 28.797. Defendant appeals as a matter of right, raising two allegations of error.

The facts are not in dispute. At approximately 4:00 p.m. on May 4, 1971, defendant while wearing a navy blue jacket entered Henry's Cleaners. He pointed a dark blue or black revolver at Pam Stone, the complaining witness, and ordered her to open the cash register. After "rifling" the contents of the cash register, defendant fled. The day following the robbery, Miss Stone observed defendant

again wearing a navy blue jacket walk past the cleaners. Accompanied by a fellow employee, she walked outside the cleaners in search of defendant. Upon entering a nearby drugstore, she observed defendant coming down the street. As Miss Stone was calling the police, defendant entered the store and was subsequently placed under guard by a security officer until the police arrived. A search of defendant conducted by an officer at the time of arrest produced a .32-caliber revolver found in a shoulder holster.

A jury trial was subsequently conducted upon the charge of armed robbery. At trial Miss Stone and the security guard testified that they observed an officer search defendant at the scene and find the weapon. The revolver and holster were offered by the prosecutor as evidence over defendant counsel's objection that they were not seized incident to a valid arrest. At the conclusion of trial, the jury returned a verdict of guilty. From this conviction defendant appeals claiming that the trial judge committed reversible error by (1) admitting into evidence testimony and exhibits establishing the existence of a weapon concealed on defendant's person at the time of his arrest and (2) affirmatively excluding from the jury's consideration the lesser offenses included in the charge of armed robbery.

Defendant's first allegation of error challenges the admission of evidence regarding the existence of a weapon concealed upon his person at the time of arrest. Since carrying a concealed weapon is a separate offense,[1] defendant alleges that the prejudicial effect of such evidence outweighed its probative value. These competing considerations create a question of relevancy and materiality which is

[1] MCLA 750.227; MSA 28.424.

left to the sound discretion of the trial judge.[2] Defendant's failure to challenge the admission of evidence at trial upon the basis now advanced as error denied the trial judge an opportunity to exercise his discretion. This failure to preserve the issue for appeal concludes our review. *People v White,* 25 Mich App 176 (1970); *People v Cormandy,* 16 Mich App 517 (1969).

Assuming, *arguendo,* the alleged error was preserved for appeal, defendant could not prevail. The present case falls precisely within the Court's statement in *People v Hall,* 19 Mich App 95, 98 (1969) that:

"[W]here weapons or tools were used to commit a crime, weapons or tools that might have been used to commit the crime found in the accused's possession at the time of the arrest may be introduced without proof that they were the very weapons or tools in fact so used." *Accord, People v Lumpkin,* 27 Mich App 143 (1970).

The present facts further indicate that the seized weapon matched the complaining witness's description of the gun used to perpetrate the crime and defendant was arrested in a location very near the scene of the crime within a single day following its occurrence. These facts substantially increase the probative value of the proffered evidence and would satisfy the criteria considered by Judge LEVIN's dissenting opinion in *Hall.*[3] Defendant's first allegation of error is, therefore, devoid of merit.

Defendant's second allegation of error is based upon the trial judge's failure to instruct the jury on lesser included offenses. Defendant neither re-

---

[2] MCLA 768.29; MSA 28.1052. See *People v Bunker,* 22 Mich App 396 (1970).

[3] *People v Hall,* 19 Mich App 95, 106 (1969).

quested such an instruction nor objected to the instruction as given. This failure to preserve the alleged error is fatal to its consideration in the present appeal. *People v Floyd,* 15 Mich App 284 (1968); *People v Mallory,* 2 Mich App 359 (1966). Furthermore, the trial judge's instructions limiting the jury to consideration of two possible verdicts did not constitute an affirmative exclusion within the meaning of *People v Lemmons,* 384 Mich 1 (1970); *People v Bukoski,* 41 Mich App 498 (1972). Finding neither of defendant's allegations of error to be meritorious, we affirm his conviction.

Affirmed.

All concurred.